IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**MARIETTA C. COATS,**

      **Plaintiff**

v.                                    No. CV 09- 541 JCH/WPL

**TILLERY CHEVROLET GMC, INC.**

      **Defendant**

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on *Defendant Tillery Chevrolet GMC Inc.'s Motion to Dismiss for Lack of Subject Matter Jurisdiction* [Doc. No. 8] and *Plaintiff's Motion for Leave to Amend Complaint* [Doc. 11]. The issue before the Court is whether the case should be dismissed because Plaintiff named the wrong defendant in her Complaint. Because Plaintiff has timely filed a response to Defendant's Motion, including a Motion for Leave to Amend Complaint, because the proposed amendment to Plaintiff's Complaint would remedy the error, because the proposed amendment will relate back to the original pleading, and because naming the correct defendant will give the Court subject matter jurisdiction, Plaintiff's Motion will be granted and Defendant's Motion will be denied.

## FACTUAL BACKGROUND

Plaintiff has alleged the following facts in her complaint, which the Court must accept as true for purposes of this motion:

Plaintiff Marietta C. Coats ("Coats") is an African-American woman who resides in

1

Albuquerque, New Mexico. Defendant Tillery Chevrolet GMC, Inc. ("Tillery Chevrolet") is a New Mexico corporation doing business in New Mexico. Coats formerly worked at a business known as J.D. Byrider, a car dealership located in Albuquerque, New Mexico. Coats alleges she suffered sexual harassment and gender and racial discrimination during her employment with J.D. Byrider. Coats timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") against J.D. Byrider. The EEOC issued Coats a Notice of Right to Sue on March 2, 2009.

On June 2, 2009, Coats filed her Complaint under Title VII, 42 U.S.C. §2000e. et seq., naming Tillery Chevrolet as the sole defendant in the Complaint. Coats believed that J.D. Byrider was owned by the Tillery family and believed that Tillery Chevrolet was the corporate entity that owned J.D. Byrider. Tillery Chevrolet's registered agent is Gayle Tillery Pedrick, its president is Glen Tillery and its vice president is Gary Tillery. J.D.B. of New Mexico, Inc. ("J.D.B.") owns the J.D. Byrider franchise in New Mexico. The registered agent for J.D.B. is also Gayle Tillery Pedrick, its president is Gary Tillery, and its vice president is Glen Tillery.

Tillery Chevrolet contends that as a result of Coats' failure to name the proper defendant in her Complaint, this Court should dismiss the Complaint with prejudice for lack of subject matter jurisdiction. Tillery Chevrolet alleges that the Court's lack of subject matter jurisdiction arises from Coats' failure to exhaust her administrative remedies against it. Coats has filed a response, along with a Motion for Leave to Amend Complaint in order to name J.D.B. as the proper defendant in the case.

## **LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(1), a claim must be dismissed when the Court lacks subject matter jurisdiction. An employee is entitled to bring a Title VII claim against her employer in federal court after she exhausts her administrative remedies—that is, after she files a

timely EEOC charge and receives a right-to-sue letter from the EEOC. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 798 (1973).  When lack of subject matter jurisdiction arises from the jurisdictional prerequisite under Title VII that a plaintiff exhaust all administrative remedies prior to filing suit, "[a] district court's dismissal… should be without prejudice." *Strozier v. Potter*, 71 Fed.Appx. 802, 2003 WL 21783813, **1, (10th Cir. Aug. 4, 2003) (unpublished) (citing *Hernandez v. Conriv Realty Assoc.*, 182 F.3d 121, 123-24 (2d Cir. 1999)).

Under Federal Rule of Civil Procedure 15(b)(2), after a responsive pleading has been served, a party may amend its pleading only with the opposing party's written consent or the court's leave. *See Mintner v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006).  The grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court.  *Id.* (citing *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321 (1971)).  In exercising its discretion, "the court should freely give leave when justice so requires." Fed.R.Civ.P. 15(b)(2).  The Supreme Court has instructed that "[t]he Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48 (1957).  Similarly, "[t]he ends of justice are not served when forfeiture of just claims because of technical rules is allowed." *Travelers' Indem. Co. v. United States, for Constr. Spec. Co.*, 382 F.2d 103, 106 (10th Cir. 1967).

In addition, for statute of limitations purposes, under Federal Rule of Civil Procedure 15(c), an amendment to a pleading relates back to the date of the original pleading when "the amendment changes the party or the naming of the party against whom a claim is asserted," so long as two conditions are met.  First, the amendment must assert a claim or defense that arose out of the conduct set out, or attempted to be set out, in the original pleading. Fed.R.Civ.P. 15(c)(1)(B).

Second, the party to be brought in by amendment must have received "such notice of the action that it will not be prejudiced in defending on the merits; and. . . knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed.R.Civ.P. 15( c)(1)( C).

## **DISCUSSION**

Tillery Chevrolet's contention that the Court does not have subject matter jurisdiction over it is correct because Plaintiff has not exhausted her administrative remedies against that entity. However, it is not entirely unreasonable that Coats mistakenly believed that Tillery Chevrolet was the entity that operated J.D. Byrider, against whom she filed her EEOC complaint, particularly because Tillery Chevrolet and J.D.B. share some of the same officers, including the same registered agent. Further, upon receiving notice from Tillery Chevrolet that it was not the entity that operated J.D. Byrider, Coats promptly moved for leave to amend her Complaint in order to remedy the mistake.

As Coats points out, her Motion for Leave to Amend comes at the early stages of litigation, and this Court has not yet imposed any deadlines for amendments to the pleadings. Additionally, the amendment would not unduly prejudice the current defendant, Tillery Chevrolet, because it would remove Tillery Chevrolet from the Complaint entirely. Because this case is in the pleading stage, Tillery Chevrolet has not had to incur any discovery costs. In fact, the practical effect of allowing for an amendment to the Complaint would be to rectify all of the issues Tillery Chevrolet identified in its Motion to Dismiss.

In addition, Coats' proposed amendment substitutes the correct defendant, J.D.B., the entity that operates J.D. Byrider, for Tillery Chevrolet. Since J.D. Byrider is the defendant named in the EEOC's notice of "Right to Sue" and since J.D.B. is the entity that operates J.D. Byrider, under the

proposed amendment the Court will have subject matter jurisdiction. Further, Tillery Chevrolet has not shown how J.D.B. will be prejudiced if the Court allows Coats to amend her Complaint. Were it not for the applicable statute of limitations, if the Court dismisses this case, Coats could have simply filed a different lawsuit naming J.D.B. as the defendant, rendering the same result as having J.D.B. named in Coats's proposed Amended Complaint. In short, the Court concludes that justice requires that it grant Coats leave to amend her complaint.

Furthermore, Coats' proposed amendment relates back to her original Complaint for statute of limitations purposes. The purpose of the amendment is to name the proper party; Coats does not seek to amend the substantive portions of her Complaint at this time. The claim that she asserts against the new, proposed defendant is the same, and arises from the same factual allegations, as her original claim against Tillery Chevrolet. Therefore, Rule 15(c)(1)(B) is satisfied. In addition, after Coats filed her administrative complaint against it, J.D.B. should have expected that she would file a lawsuit against it when the administrative process ended. In addition, since Tillery Chevrolet and J.D.B. share several of the same officers as well as the same registered agent, J.D.B. either knew or should have known that Coats had sued its sister corporation, and that she would have sued J.D.B. but for her mistake concerning the proper party's identity. Tillery Chevrolet makes no showing to the contrary. Also because of the overlap in corporate officers and registered agents, it is reasonable to believe that when Coats served Tillery Chevrolet with the original summons and Complaint regarding the same subject matter as Coats' EEOC claim against J.D. Byrider, J.D.B. also received such notice of the action. Accordingly, Rule 15(c)(1)(C) has also been satisfied. As such, J.D.B. will not be prejudiced in defending on the merits of the lawsuit.

Coats's proposed amendment would remedy a technical error, thereby providing the Court with subject matter jurisdiction and allowing the Court to hear the case on its merits. Tillery

Chevrolet has not asserted any countervailing reasons to preclude the amendment. In addition, Coats' proposed amendment relates back to her original Complaint for statute of limitations purposes.

Coats has filed a motion to strike the Defendant's reply brief in support of its motion to dismiss or in the alternative for leave to file a surreply. The Court will deny that motion as moot.

**IT IS THEREFORE ORDERED** that *Defendant Tillery Chevrolet GMC Inc.'s Motion to Dismiss for Lack of Subject Matter Jurisdiction* [Doc. No. 8] is **DENIED**, and *Plaintiff's Motion for Leave to Amend Complaint* [Doc. 11] is **GRANTED**. Plaintiff must file and serve her amended complaint no later than October 8, 2009.

**IT IS FURTHER ORDERED** that *Plaintiff's Motion to Strike Reply Brief or In the Alternative To Permit Filing of Surreply Brief* [Doc. No. 17] is **DENIED AS MOOT**.

_____
**UNITED STATES DISTRICT JUDGE**