IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARIETTA C. COATS,

        Plaintiff,

v.                                                       Civ. No. 09-541 JCH/WPL

J.D.B. of NEW MEXICO, INC.,
doing business as J.D. BYRIDER,

        Defendant.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant's *Opposed Motion to Stay*, filed April 20, 2010 [Doc. 55]. Defendant seeks to have the Court stay proceedings in this case pending resolution of a parallel state court suit. The Court, having considered the motion, briefs, attachments, and relevant law, and being otherwise fully informed, finds that Defendant's motion is not well taken and should be DENIED.

## BACKGROUND

On June 2, 2009, Plaintiff filed a Complaint in this action in federal court. *See* Doc. 1. She amended her Complaint on October 8, 2009, to substitute the initially named Defendant for the current Defendant. *See* Doc. 22. Plaintiff contends that, during her employment with Defendant, from July, 2005 through February, 2008, she was subject to sexual harassment and racial discrimination, as well as retaliation for reporting her mistreatment. Plaintiff alleges claims for: (1) Sexual Harassment/Hostile Work Environment as "defined by courts construing Title VII," *id.* at ¶ 34; (2) Sexual Harassment/Retaliation, *id.* at ¶¶ 35-40; (3) Racial Discrimination, again invoking Title VII and "other applicable federal laws and regulations," *id.* at ¶ 45; and (4)

Negligent Hiring, Supervision, and Retention, *id*. at ¶¶ 48-50.

On November 16, 2009, Plaintiff, along with another plaintiff named Catherine Peperas, filed suit in the Second Judicial District Court, County of Bernalillo, State of New Mexico, against Defendant as well as two of its employees, Russel Bouck and David Brotherton. The defendants in that case subsequently removed it to federal district court. *See* Notice of Removal [Doc. 1] in case No. Civ. 09-1200 LH/RHS ("State Court Case"). In the State Court Case, both plaintiffs allege claims for: (1) Sexual Harassment/Hostile Work Environment; (2) Negligent Hiring, Supervision, and Retention; (3) Intentional Infliction of Emotional Distress; (4) Assault and Battery; (5) Civil Conspiracy; (6) Retaliation; and (7) Prima Facie Tort. Plaintiff Coats alone asserts a claim of (8) Racial Discrimination. *See* State Court Complaint, attached as Ex. B to Notice of Removal [Doc. 1] in case No. Civ. 09-1200 LH/RHS. Plaintiff Coats' State Court Complaint alleges virtually the same misconduct as her underlying Complaint in this Court, with the alleged misconduct occurring during virtually the same time period and based on the same facts as are present in the instant case. The State Court Complaint adds Plaintiff Peperas' claims, which are based on her employment with Defendant J.D.B. from April 16, 2002, to August 15, 2008. Nowhere in the State Court Complaint do Plaintiffs cite or reference any federal constitutional or statutory law.

On January 20, 2010, Plaintiffs filed a Motion to Remand arguing that, under the well-pleaded complaint rule, federal question jurisdiction is lacking because they did not allege any federal claims or invoke any federal constitutional or statutory provisions in their State Court Complaint. *See* Motion to Remand [Doc. 10] in case No. Civ. 09-1200 LH/RHS. Defendant argued that, because it relates to the same alleged wrongdoing, the State Court Complaint is an impermissible attempt to split the claims and to litigate them piecemeal, so that removal of the

State Court Complaint and consolidation into a single federal action is required in the name of judicial efficiency. *See* Defendant's Response in Opposition to Motion to Remand [Doc. 11] in case No. Civ. 09-1200 LH/RHS at 3. The district court rejected Defendant's argument, and remanded the case to state court. *See* Memorandum Opinion and Order [Doc. 19] filed April 5, 2010 in case No. Civ. 09-1200 LH/RHS. The district court held that the doctrine prohibiting claim splitting does not apply to parallel state and federal actions, and that it is permissible to simultaneously file and litigate independent state and federal actions based on the same underlying facts. *See id*. at 5-6. Defendant then filed in this Court the underlying Motion to Stay, contending that this action should be stayed pending resolution of the parallel State Court action. *See* Motion to Stay [Doc. 55], filed April 20, 2010.

## **ANALYSIS**

Defendant contends that staying proceedings in this Court will conserve judicial resources and reduce the burden on Defendant of having to defend both cases at the same time. *See id*. at 5. In addition, Defendant argues that proceeding with this case is unnecessary because, once a judgment occurs in the State Court Case, this case is likely to be dismissed on the basis of *res judicata*. *See id*. The Court is mindful of Defendant's burden of having to defend both cases simultaneously, and to the consumption of judicial resources occasioned by the simultaneous progression of the two cases. However, because the federal courts have a "virtually unflagging obligation...to exercise the jurisdiction given them," the Court cannot stay or dismiss a case simply because it would be more convenient or efficient to have the claims heard by another court. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). Rather, the Supreme Court has consistently held that "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction."

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005) (quoting *McClellan v. Carland*, 217 U.S. 268, 282 (1910)).

Nonetheless, a federal district court may stay or dismiss an action because of the pendency of similar litigation in state court, given "considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation," as long as "exceptional" circumstances exist. *Colorado River*, 424 U.S. at 817-18. *See also Fox v. Maulding*, 16 F.3d 1079, 1081 (10th Cir. 1994) ("declining to exercise jurisdiction based on the *Colorado River* doctrine is appropriate only in 'exceptional' circumstances"). The Court's "task in cases such as this is not to find some substantial reason for the *exercise* of federal jurisdiction by the district court; rather, the task is to ascertain whether there exist 'exceptional' circumstances, the 'clearest of justifications,' that can suffice under *Colorado River* to justify the *surrender* of that jurisdiction." *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 25-26 (1983) (quoting *Colorado River*, 424 U.S. at 818, 819) (emphasis in original). Although it may be tempting "for federal courts to use the [*Colorado River*] Doctrine as a means of stemming the rising tide of litigation, suits in federal court are not easily swept away by *Colorado River*. *Rienhardt v. Kelly*, 164 F.3d 1296, 1303 (10th Cir. 1999). Defendant has failed to demonstrate that a stay is clearly justified.[1]

Before examining whether exceptional circumstances exist to justify the Court's abstention, the Court must first examine whether the state and federal proceedings are even parallel, as claimed by Defendant. *See Fox*, 16 F.3d at 1081. A suit is considered parallel "if

---

[1] The fact that *Colorado River* involved a dismissal rather than a stay does not change Defendant's burden to demonstrate exceptional circumstances. *See Moses H. Cone*, 460 U.S. at 28 ("a stay is as much a refusal to exercise federal jurisdiction as a dismissal" and is therefore subject to the same analysis).

4

substantially the same parties litigate substantially the same issues in different forums." *Id.* (quoting *New Beckley Mining Corp. v. Int'l Union, UMWA*, 946 F. 2d 1072, 1073 (4th Cir. 1991)). Determination of whether the state and federal cases are parallel is essential because "to grant a stay or dismissal under the *Colorado River* doctrine would be 'a serious abuse of discretion' unless 'the parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issue between the parties.'" *Id.* (quoting *Moses H. Cone*, 460 U.S. at 28). A decision to abstain based on the *Colorado River* doctrine "necessarily contemplates that the federal court will have nothing further to do in resolving any substantive part of the case, whether it stays or dismisses." *Moses H. Cone*, 460 U.S. at 28.

In this case, Plaintiff has pled two types of federal sexual harassment claims (hostile work environment and retaliation), a federal racial discrimination claim, and a state claim for negligent hiring, supervision, and retention. Plaintiff's state court Complaint repeats her state law claim for negligent hiring, supervision, and retention, and asserts state law causes of action for the two types of sexual harassment and racial discrimination based on the same facts pled in this underlying case. Hence, Plaintiff is suing Defendant on the same facts with essentially the same claims in a different forum.[2] The Court recognizes that state common law claims for sexual harassment or racial discrimination need not necessarily be analyzed under the same framework as federal claims brought pursuant to Title VII. However, although the parties did not fully brief this issue, Plaintiff has not demonstrated a theory under which she could lose on her claims under

---

[2] Although Plaintiff's state court Complaint adds an additional plaintiff, two additional defendants, and several additional state causes of action, the question at hand is not whether the two cases are exactly the same, but rather whether the claims in the federal case can be completely and promptly resolved via the state court litigation.

state law and prevail upon them under federal law.[3] Nor has Defendant come forward with a theory under which it could have judgment entered against it on Plaintiff's state law discrimination claims but still prevail in the case in this Court. Thus, the Court assumes, without deciding, that the two cases are parallel such that Plaintiff's state court litigation provides her with an opportunity for complete resolution of her claims.

Because the existence of proceedings in state court does not, by itself, preclude hearing the parallel case in federal court, once the Court has determined that the proceedings are parallel, "it must then determine whether deference to state court proceedings is appropriate under the particular circumstances." *Fox*, 16 F.3d at 1082. Although emphasizing that no particular factor is necessarily determinative when assessing the appropriateness of federal abstention in light of parallel state litigation, the *Colorado River* Court identified three primary factors to consider: (1) the inconvenience of a federal forum; (2) the desirability of avoiding piecemeal litigation; and (3) the order in which jurisdiction was obtained by the concurrent forums. *See Colorado River*, 424 U.S. at 818. The *Moses H. Cone* Court adopted and expanded this list, to include the following considerations: (1) assumption by the federal or state court of jurisdiction over any *res* or property; (2) whether the federal forum is less convenient to the parties than the state forum; (3) the danger of piecemeal litigation; (4) the order in which the two suits were filed; (5) whether federal law provides the rule of decision on the merits; and (6) whether the state court is inadequate to protect the plaintiff's rights. *See* 460 U.S. at 23-26.

The first two of the *Moses H. Cone* factors are not present in this case, and therefore offer

---

[3] Indeed, claims brought pursuant to the New Mexico Human Rights Act are generally analyzed using the same methodology as claims brought under Title VII. *See Juneau v. Intel Corp.*, 139 N.M. 12, 15 (2005).

no reason to stay federal jurisdiction.  No property is under the jurisdiction of either court in this matter, and the federal and state courthouses (literally across the street from each other) are equally convenient to the parties.

Regarding the danger of piecemeal litigation, certainly such a risk is present in this situation, where similar claims are based on the same facts.  However, "the mere potential for conflict in the results of adjudications does not, without more, warrant staying exercise of federal jurisdiction." *Colorado River*, 424 U.S. at 816.  If the danger of piecemeal litigation were enough, by itself, to warrant federal abstention, the Court would not need to consider the other factors.  As it is, Defendant has failed to demonstrate how this case presents circumstances more egregious than the typical parallel proceeding in which abstention is not justified.

As to the order in which the courts obtained jurisdiction, Plaintiff filed her Complaint in this Court over five months prior to filing her state court Complaint, and there is no indication from either party that the proceedings are significantly further along in state court than in this Court.  Both of these factors weigh in favor of this Court retaining jurisdiction.

The source of the law governing the claims in this case also weighs strongly in favor of retaining jurisdiction.  Three out of Plaintiff's four claims in this case are based on federal law.  Those claims are appropriately heard in federal court.  As noted in *Moses H. Cone*, "[a]lthough in some rare circumstances the presence of state-law issues may weigh in favor of [surrender of jurisdiction]...the presence of federal-law issues must always be a major consideration weighing against surrender." 460 U.S. at 26.

Finally, the Court finds that, although the state court proceeding may be adequate to protect Plaintiff's rights, this factor does not weigh strongly enough to justify deference to the state action.  This factor is more important when it weighs in favor of federal jurisdiction because

of the inadequacy of a state proceeding; when both forums are adequate, this factor is essentially neutral.  *See Travelers Indem. Co. v. Madonna*, 914 F.2d 1364, 1370 (9th Cir. 1990).

Because Defendant has failed to show that this case presents "exceptional" circumstances, and because the balancing test should be "heavily weighted in favor of the exercise of jurisdiction," with "any doubt...resolved in favor of exercising federal jurisdiction," *Fox*, 16 F.3d at 1082, the Court will deny Defendant's motion and continue to exercise jurisdiction.

**IT IS THEREFORE ORDERED** that Defendant's *Opposed Motion to Stay* [Doc. 55] is DENIED.

_____
UNITED STATES DISTRICT JUDGE