IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARIETTA C. COATS,

        Plaintiff,

v.                                                                                          Civ. No. 09-541 JCH/WPL

J.D.B. of NEW MEXICO, INC.,
doing business as J.D. BYRIDER,

        Defendant.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant's *Motion to Dismiss for Plaintiff's Failure to Serve and for Violation of the Court's Order*, filed October 16, 2009 [Doc. 24]. The Court, having considered the motion, briefs, attachments, and relevant law, and being otherwise fully informed, finds that Defendant's motion is not well taken and should be DENIED.

## BACKGROUND

On June 2, 2009, Plaintiff filed a Complaint in this action. *See* Doc. 1. Plaintiff, an African-American woman, formerly worked at a business known as J.D. Byrider, a car dealership located in Albuquerque, New Mexico. Plaintiff alleges that she suffered sexual harassment and gender and racial discrimination during her employment with J.D. Byrider. Plaintiff's initial Complaint named Tillery Chevrolet as the sole Defendant, on the mistaken belief that Tillery Chevrolet was the corporate entity that owned J.D. Byrider. Although J.D. Byrider is owned by J.D.B. of New Mexico, Inc. rather than Tillery Chevrolet, the two companies appear to have significant management overlap, sharing the same registered agent and two corporate officers. Tillery Chevrolet moved to dismiss the Complaint with prejudice, *see* Doc. 8, and, in response,

Plaintiff moved for leave to file an Amended Complaint to name the proper Defendant, *see* Doc. 11.  On September 28, 2009, the Court entered a Memorandum Opinion and Order denying Tillery Chevrolet's motion to dismiss and granting Plaintiff leave to amend her complaint.  *See* Doc. 21.  The Court's Order explicitly stated that "Plaintiff must file and serve her amended complaint no later than October 8, 2009."  *Id*. at 6 (emphasis in original).  Although Plaintiff filed her Amended Complaint on October 8, 2009, she did not serve J.D. Byrider ("Defendant") with the Amended Complaint by that date.  Defendant then filed the instant motion for the case to be dismissed with prejudice for failure to follow the Court's Order to serve the Amended Complaint by October 8, 2009.  Since the time Defendant's motion was filed, this case has continued apace, with discovery having proceeded and pretrial deadlines having been set.

## DISCUSSION

On October 8, 2009, the date by which the Court ordered Plaintiff to file and serve her Amended Complaint, Plaintiff filed her Amended Complaint.  *See* Doc. 22.  This Amended Complaint, filed through the District Court's CM/ECF filing system, was electronically served upon Defendant's counsel in this case on that date.  However, at the time the Amended Complaint was served on Defendant's counsel, counsel had not yet entered an appearance on behalf of Defendant.  Instead, counsel had only entered an appearance on behalf of Tillery Chevrolet.  Counsel did not enter an appearance on behalf of Defendant until October 16, 2009.  *See* Doc. 23.  On the afternoon Plaintiff filed her Amended Complaint, her counsel left a voicemail message for Defendant's counsel inquiring as to whether she would be willing to accept service of process on behalf of Defendant.  Plaintiff's counsel claims that he did not receive a response from

Defendant's counsel,[1] and so he followed up on his request by sending Defendant's counsel a letter on October 16, 2009.  Defendant's counsel responded by a letter dated October 20, 2009, stating that she did not have the authority to accept service of process on behalf of Defendant.  *See* Ex. 1 to Plaintiff's Response [Doc. 28].  In the meantime, Plaintiff's counsel had submitted a Summons for Defendant via email to the Court Clerk on October 8, 2009.  The initial Summons contained an error, and had to be corrected.  The Court issued the corrected Summons for Defendant on October 9, 2009.  On October 26, 2009, Defendant's registered agent was personally served with process by Plaintiff's process server.  *See* Doc. 26.

Resolving a legal claim through a decision on the merits is preferable to resolution through dismissal on a technicality.  *See Walker v. United Parcel Serv., Inc.*, 240 F3d 1268, 1272 (10th Cir. 2001).  In this case, Defendant's counsel had notice of the Amended Complaint the same day it was filed, and Defendant was served shortly thereafter.  Defendant has demonstrated no prejudice from being served after the date ordered by the Court.  While Plaintiff's counsel may not have been as diligent as possible in making certain that the Amended Complaint was served by the date ordered by the Court, neither was he unreasonably negligent in his attempts to serve the Amended Complaint.  Although the Court will not dismiss Plaintiff's claim for this technical violation of its Order, Plaintiff's counsel should not interpret this forbearance as an indication that any future Order need not be closely followed.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's *Motion to Dismiss* [Doc. 24] is

---

[1] Defendant's counsel contends that she left Plaintiff's counsel a voicemail message on October 8, 2009, stating that she did not have the authority to accept service on behalf of Defendant.  Plaintiff's counsel does not dispute this contention, but claims not to have received the message.

DENIED.

_____
UNITED STATES DISTRICT JUDGE